UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

CAMERON LECROY
2378 North Booth Street
Milwaukee, Wisconsin 53212

   Plaintiff,          Case No.: 21-cv-888

  v.              **JURY TRIAL DEMANDED**

INSOMNIA COOKIES, LLC
10 Campus Boulevard, Suite 10
Newtown Square, Pennsylvania 19073

   Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff, Cameron LeCroy, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Cameron LeCroy, is an adult female resident of the State of Wisconsin with a post office address of 2378 North Booth Street, Milwaukee, Wisconsin 53212.

5. Defendant, Insomnia Cookies, LLC, was, at all material times herein, a commercial entity doing business in the State of Wisconsin with a principal address of 10 Campus Boulevard, Suite 10, Newtown Square, Pennsylvania 19073.

6. Defendant is a chain of bakeries that owns, operated, and manages numerous physical locations across the United States, including in the State of Wisconsin.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

12. During Plaintiff's employment with Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

13. In approximately May 2021, Defendant hired Plaintiff into the position of Baker working at Defendant's Milwaukee, Wisconsin location, located at 1804 East North Avenue, Milwaukee, Wisconsin 53202.

14. On or about June 1, 2021, Plaintiff commenced compensable work on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge in the position of Baker.

15. On or about June 4, 2021, Plaintiff's employment with Defendant ended.

16. During Plaintiff's employment with Defendant in the position of Baker, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

17. During Plaintiff's employment with Defendant in the position of Baker, Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

18. During Plaintiff's employment with Defendant and during the workweek of May 31, 2021, Defendant did not compensate Plaintiff for any hours worked or work performed.

19. During Plaintiff's employment with Defendant and during the workweek of May 31, 2021, Defendant suffered or permitted Plaintiff to work without compensating Plaintiff for any hours worked or work performed.

20. During Plaintiff's employment with Defendant and during the workweek of May 31, 2021, Defendant suffered or permitted Plaintiff to work without compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for any and all hours worked or work performed.

21. During Plaintiff's employment with Defendant and during the workweek of May 31, 2021, Defendant suffered or permitted Plaintiff to work without compensating Plaintiff with her agreed-upon and regularly hourly rate of pay of $13.25 for any and all hours worked or work performed.

22. During Plaintiff's employment with Defendant and during the workweek of May 31, 2021, Defendant suffered or permitted Plaintiff to work without compensating Plaintiff with earned compensation totaling approximately $319.33.

23. During Plaintiff's employment with Defendant and during the workweek of May 31, 2021, Defendant did not compensate Plaintiff for any hours worked or work performed.

24. During Plaintiff's employment with Defendant and during the workweek of May 31, 2021, Defendant suffered or permitted Plaintiff to work without compensating Plaintiff for any hours worked or work performed during these workweeks.

25. During Plaintiff's employment with Defendant and during the workweek of May 31, 2021, Defendant suffered or permitted Plaintiff to work without compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for any and all hours worked or work performed.

26. During Plaintiff's employment with Defendant and during the workweek of May 31, 2021, Defendant suffered or permitted Plaintiff to work without compensating Plaintiff with her agreed-upon and regularly hourly rate of pay of $13.25 for any and all hours worked or work performed.

27. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek in accordance with the FLSA and WWPCL.

28. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

29. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, in a total amount of approximately $319.33, plus an equal amount for liquidated damages.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS (MINIMUM WAGE)

30. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

31. Section 206(a)(1) of the FLSA regulates, among other things, the payment of a minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

32. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

33. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked during the workweek of May 31, 2021 during her employment with Defendant.

34. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award

of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

35. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages have been unlawfully withheld from Plaintiff by Defendant.

36. Plaintiff is entitled to damages equal to the minimum wages due and owing to her within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

37. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (MINIMUM WAGES)**

38. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

39. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

40. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

41. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

42. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including but not limited to compensation for any and all hours worked during the workweek of May 31, 2021.

43. Defendant willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an hourly rate of at least $7.25 per hour for all hours worked during the workweek of May 31, 2021 during her employment with Defendant.

44. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

45. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
### (FAILURE TO PAY AN AGREED-UPON WAGE)

46. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

47. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

48. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

49. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

50. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities at her previously agreed-upon hourly rate of pay with Defendant.

51. During Plaintiff's employment with Defendant, Defendant willfully and intentionally failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate Plaintiff with her agreed-upon regular or hourly rate of pay of $13.25 for any and all hours worked during the workweek of May 31, 2021 during her employment with Defendant, in violation of the WWPCL.

52. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

53. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages – including but not limited to minimum wages and agreed-upon wages – for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid by Defendant under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 29th day of July, 2021

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Scott S. Luzi*** ____ _____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
E-mail: jwalcheske@walcheskeluzi.com
E-mail: sluzi@walcheskeluzi.com